GERALD ALLEN [GA-0950 ]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
KEVEN BATISTA,

                                        Plaintiff,

                - against -


CITY OF NEW YORK,  POLICE OFFICER MICHAEL TEDESCHI
TAX I.D. 943868 and POLICE OFFICERS JOHN DOE 1-3

                                Defendants,
-----------------------------------------------------------------------------X

**CV**

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

**PARTIES, JURISDICTION and VENUE**

1.      Plaintiff, KEVEN BATISTA, is a 20 year old male, and at all times relevant
to this action, was a resident of New York, New York.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of
New York, which includes New York County.  NYC maintains a police department, the
New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant POLICE OFFICER MICHAEL
TEDESCHI TAX I.D. 943868, was at all relevant times an officer with the NYPD
believed to be assigned to the 25th Precinct.  All actions by TEDESCHI complained of
herein were taken in the course of his employment and under color of law.  TEDESCHI
is being sued in both his individual and official capacities.

4.      Upon information and belief, Defendant POLICE OFFICERS JOHN DOE 1-3, are fictitious names for persons whose true names are currently unknown, who were at all relevant times officers with the NYPD, believed to be assigned to the 25th Precinct.  All actions by the DOES complained of herein were taken in the course of their employment and under color of law.  The DOES are being sued in both their individual and official capacities.

5.      Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.      A Notice of Claim was timely served upon NYC on or about April 28, 2016, within ninety days of February 6, 2016, the statutory date of accrual for the claims based upon false arrest, excessive force and malicious prosecution. A 50-h hearing was held on July 19, 2016.

8.      The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

9.      On February 6, 2016 at approximately 12:30 am Plaintiff and a friend were lawfully walking on East 128th Street in Manhattan, a short distance from Plaintiff's home.

10.     Suddenly, an unmarked police vehicle stopped near Plaintiff and four plain-clothed police officers, among them Defendant TEDESCHI, jumped out of the vehicle and pointed guns at Plaintiff and his friend.

11.     Plaintiff was then thrown against a fence and struck about the head and

2

body by DEFENDANTS.

12.     Plaintiff was then taken to the ground and handcuffed by the DEFENDANTS, where he was searched, and left lying face down on the cold street. During this search one of the DEFENDANTS put his hands inside Plaintiff's pants.  No contraband of any kind was recovered from Plaintiff.

13.     After a number of minutes lying on the street and asking what the DEFENDANTS were doing to him and why they were doing it, Plaintiff was taken from the street, placed in a police vehicle, and driven to the 25th Precinct.

14.     At  the 25th Precinct, Plaintiff was placed into a cell. He remained in the cell for a short period of time before he was given a summons for Disorderly Conduct and permitted to leave the precinct.

15.     Plaintiff was compelled to hire a lawyer and to appear in criminal court on April 7, 2016 under Summons Number 2106SN012085. That summons was dismissed by a judge of the Criminal Court that day.

16.     Plaintiff suffered physical injuries to his back, left leg, left arm, and knees at the hands of DEFENDANTS, when he was punched, thrown against a fence, and brought to the ground and handcuffed.

17.     In addition, Plaintiff lost time from work as a result of his appearance in court on the court date and for medical treatment that he sought and received to address his injuries.

18.     Plaintiff to this day suffers from the effects of the physical injuries caused by DEFENDANTS, and from severe emotional stress as a result of the false arrest, excessive force, and malicious prosecution.

3

## FIRST CLAIM (FALSE ARREST SECTION 1983)

19.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 of the Complaint as if incorporated and reiterated herein.

20.     By arresting Plaintiff without legal authority, Defendants TEDESCHI  and the DOES violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the constitutional rights to be free from false arrest.

21.     By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM(FALSE ARREST-STATE LAW CLAIM)

22.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 of the Complaint as if incorporated and reiterated herein.

23.     Plaintiff was unlawfully detained and arrested by Defendants TEDESCHI and the DOES without probable cause.

24.      By reason thereof, Defendants caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

25.      By reason thereof, and because DEFENDANTS acted within the scope of their duties as  members of the NYPD, Defendant CITY is also liable under this claim

4

based on a theory of *respondeat superior*.

## THIRD CLAIM (EXCESSIVE FORCE SECTION 1983)

26.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 25 of the Complaint as if incorporated and reiterated herein.

27.     Defendants TEDESCHI and the DOES, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

28.     By reason thereof, Defendants TEDESCHI and the DOES violated  42 U.S.C.  §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM (ASSAULT SECTION 1983)

29.     Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 28 of the Complaint as if incorporated and reiterated herein.

30.     Defendants TEDESCHI and the DOES, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

31.     By reason thereof, Defendants TEDESCHI and the DOES violated 42

5

U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, economic damages, mental anguish and the loss of his constitutional rights.

### FIFTH  CLAIM (MALICIOUS PROSECUTION- STATE LAW)

32.    Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33.    Defendant TEDESCHI and the DOES sole purpose in arresting Plaintiff was to cover-up the assault and excessive force used against plaintiff.

34.    By commencing a proceeding in the absence of probable cause and with actual malice, TEDESCHI and the DOES intentionally engaged in a malicious prosecution of Plaintiff.

35.    By reason thereof, TEDESCHI and the DOES caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

36.    By reason thereof, and because TEDESCHI and the DOES acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior.*

### SIXTH CLAIM (MALICIOUS PROSECUTION SECTION 1983)

37.    Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated

herein.

38.    The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff.

39.    By commencing a proceeding in the absence of probable cause and with actual malice, TEDESCHI and the DOES intentionally engaged in a malicious prosecution of Plaintiff.

40.    By reason thereof, Defendants TEDESCHI and the DOES violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SEVENTH CLAIM (EXCESSIVE FORCE CLAIM- STATE LAW)

41.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 40 of the Complaint as if incorporated and reiterated herein.

42.    Plaintiff was unlawfully assaulted and excessive force was used against him by Defendants TEDESCHI and the DOES.

43.    By reason thereof, Defendants caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

44.    By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)     On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)    On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)   On the third claim, actual and punitive damages in an amount  to be determined at trial;

iv)    On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)     On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)    On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)   On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii)  Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

ix)    Such other relief as the Court deems just and proper.

Dated:     New York, New York
           October 25, 2016

                              Goldberg & Allen, LLP
                              Attorneys for Plaintiff

By:     _____
                              Gerald Allen [GA-0950]
                              49 West 37th Street, 7th Floor
                              New York, New York 10018
                              (212) 766-3366

8